UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GASPER RECYCLING,

                                    CASE NO. 05-71767
   Plaintiff,                     HON. LAWRENCE P. ZATKOFF

v.

GREEN TREE SERVICING, L.L.C.,

   Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on AUGUST 4, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Green Tree's Motion to Dismiss pursuant to Rule 12(b)(1). Plaintiff Gasper Recycling (hereinafter, "Gasper" or "Plaintiff") has responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II. BACKGROUND

**A. Prior Litigation (Case No. 03-73651)**

Plaintiff Gasper filed a complaint in this Court against Defendant Green Tree on September 23, 2003. In this complaint, Plaintiff asserted that Defendant owed it over $800,000 in storage fees for certain mobile homes that Plaintiff was storing at its storage facility. As part of Plaintiff's business, Plaintiff "is responsible for the removal and storage of mobile home units that have been evicted from various mobile home parks." Plaintiff's September 23, 2003 Complaint, ¶ 9. Plaintiff would then charge the lienholders of the mobile homes (such as Defendant) storage fees of up to $150 per day until the homes were removed. By the time the lienholders learned the location of their mobile homes, the homes had often incurred substantial storage fees.

Beginning in 1999, Plaintiff began storing homes whose liens were held by Defendant. *See* Complaint, ¶ 13. When Plaintiff filed its complaint against Defendant in 2003, Plaintiff was in possession of over 50 of Defendant's mobile homes. *See Id.* at ¶ 29. Despite numerous attempts to settle, the parties were unable to come to an agreement and the case moved towards trial. The Court conducted a Final Pre-Trial Conference on October 20, 2004. At this conference, the parties finally agreed to settle, and placed their settlement agreement on the record before the Court. *See* Defendant's Exhibit B. Defendant agreed to pay $850 per home and to remove its mobile homes by December 25, 2004. *See* Exhibit B, at 4. The settlement was unclear as to the precise number of homes that Plaintiff had in its possession, but it was assumed that there were approximately 65 homes. *See Id.* at 5. Following the settlement, the parties submitted a stipulated order of dismissal, which the Court signed, thereby dismissing the case

with prejudice. *See* November 22, 2004 Stipulated Order of Dismissal.

**B. Settlement Dispute**

On December 16, 2005, Defendant removed 27 homes and, pursuant to the settlement agreement, paid Plaintiff $22,950 for these homes ($850 per home). *See* May 4, 2005 Complaint, ¶¶ 22-23. On January 14, 2005, Defendant removed the remaining homes but failed to pay the $22,100 in fees for the remaining 26 homes. *See* Plaintiff's Complaint ¶¶ 24-25. At that time, defense counsel explained to plaintiff's counsel that it would not pay the remaining amount because a number of the homes were severely damaged, and others could not be located at Plaintiff's storage facility. *See* Defendant's Exhibit C.

The parties failed to resolve the dispute, and on March 16, 2005, Plaintiff filed a motion to enforce the settlement agreement, seeking "approximately $22,100 plus interest, costs, and attorney fees." *See* Defendant's Exhibit G. The Court denied the motion explaining that "[i]f Plaintiff seeks to litigate the present dispute regarding the Settlement Agreement, it must file a separate action. In addition, if Plaintiff seeks to litigate in federal court, there must be an independent basis for subject matter jurisdiction." *See* March 22, 2005 Order (Case. No. 03-73651).

**C. Present Litigation (Case No. 05-71767)**

On May 4, 2005, Plaintiff filed the present action, alleging a breach of contract of the settlement agreement, and damages in excess of $75,000. *See* May 4, 2005 Complaint. The Court accepted reassignment of the case from Chief Judge Friedman as a companion case to the 2003 case.

On June 3, 2005, Defendant filed the motion currently before the Court, a motion to

dismiss for lack of subject matter jurisdiction. Defendant argues that Plaintiff has not satisfied the $75,000 amount in controversy requirement for diversity jurisdiction. Defendant asserts that the real amount in controversy is $22,100, the disputed amount from the settlement agreement.

Plaintiff responds that, in addition to the $22,100, Plaintiff has incurred $340,000 in storage fees for the storage of homes from January 2005 through June 2005. Accordingly, Plaintiff alleges that it has met the $75,000 amount in controversy.

### III. LEGAL STANDARD

FED. R. CIV. P. 12(b)(1) permits a defendant to bring a motion to dismiss for "lack of jurisdiction over the subject matter." Pursuant to 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" where there is diversity of citizenship between the parties.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992). Before dismissing a case for insufficient amount in controversy, a court must be very confident that a party cannot recover the jurisdictional amount. *See* Moore's § 102.106[1].

## IV.  ANALYSIS

**A. Plaintiff Cannot Assert Storage Fees for Mobile Homes it Does Not Possess**

Though courts generally accept the good faith allegations of the amount in controversy, the Court finds that in the present case, Plaintiff cannot meet the jurisdictional amount. Plaintiff's Complaint clearly explains the present dispute:

> On or about December 16, 2004, and in accordance with the settlement agreement, Defendant Greentree removed approximately half of the mobile homes. In accordance with the settlement agreement, Defendant Greentree tendered a check to Plaintiff, Gasper Recycling, for $22,950.00 for the mobile homes removed. Per the settlement agreement, on or about January 14, 2005, Defendant Greentree removed the remaining mobile homes. Defendant Greentree breached the settlement agreement, because it failed/refused to pay the second and final payment for the removal of the remaining homes before removing them. Plaintiff's counsel made several attempts via telephone and letter to resolve this matter without the court's involvement. Despite Plaintiff's counsel's efforts, Defendant Greentree has failed/refused to submit payment.

Plaintiff's Complaint, at ¶¶ 22-27 (emphasis added).

Plaintiff's own letter (referenced in the Complaint) and motion clearly show that the disputed amount mentioned in the Complaint is $22,100.00. In a January 21, 2005 letter to Defense counsel, Plaintiff's counsel stated:

> This letter will acknowledge your client's removal of the mobile homes from Gasper's storage facility. However, my client has not received the second and final payment for the homes [sic] storage fees. Accordingly, please advise me as to when my client can anticipate receiving the remaining balance, $22,100.00.

Exhibit E.  Then, in Plaintiff's March 16, 2005 Motion to Enforce Settlement Agreement, Plaintiff once again explained its damages. "[Plaintiff] has suffered damages in the amount of approximately $22,100.00 plus interest, costs and attorney fees associated with this motion and unpaid balance." March 16, 2005 Motion, ¶ 14. The $22,100 figure represents a charge of $850 for each of the 26 mobile homes Defendant removed from Plaintiff's facility. This charge is pursuant to the settlement

agreement.

Plaintiff's response brief argues that the $22,100 figure does not represent the entire amount in controversy. Instead, Plaintiff asserts that it has incidental damages of $340,000, based on the storage fees it has incurred since the time Defendant allegedly breached the settlement agreement. The Court, however, finds this assertion utterly implausible.

Plaintiff's Complaint specifically asserts that "[p]er the settlement agreement, on or about January 14, 2005, Defendant Greentree *removed the remaining mobile homes*." Plaintiff's Complaint, ¶ 24 (emphasis added); *see also* Plaintiff's January 21, 2005 Letter ("This letter will acknowledge your client's removal of the mobile homes from Gasper's storage facility. "). The Court will not allow Plaintiff to assert incidental damages regarding storage costs for mobile homes that have already been removed. The Court finds with legal certainty based on Plaintiff's Complaint, that the real amount in controversy is $22,100, the amount Defendant refused to pay Plaintiff after removing the mobile homes from Plaintiff's storage facility.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant's Motion to Dismiss pursuant to Rule 12(b)(1).

IT IS SO ORDERED.

                                                                        s/Lawrence P. Zatkoff
                                                                        LAWRENCE P. ZATKOFF
                                                                        UNITED STATES DISTRICT JUDGE

Dated: August 4, 2005

6

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 4, 2005.

               s/Marie E. Verlinde
               Case Manager
               (810) 984-3290